APRIL TERM, 1839.

Kizer v. Wilkes.

*upon which suit is founded, to be filed with the justice before process shall issue, is merely directory.*

*The act was passed for the benefit of the defendant, to apprise him of the nature of the claim set up by the plaintiff; the advantage thus secured to the defendant may be waived by his own act.*

---

KIZER, et al, v. WILKES.

Where no application has been made for a continuance, and no motion for a new trial, the supreme court will presume that the party complaining sustained no injury by the exercise of a discretionary power vested in the circuit court.

ERROR to the circuit court of Morgan county.

*McCord*, counsel for plaintiffs in error:

The point relied on to reverse the judgment of the circuit court is, could the circuit court permit replications to be filed at the next succeeding term of said court, without the consent of the defendants? And did not said court err in compelling the defendants to take issue upon said replications, or to permit a judgment to be had against them by default? (See Statutes of Missouri, p. 458, sec. 9.)

*S. M. Bay*, counsel for defendant in error:

1. The circuit court has power, under the statute, to

extend the time for filing any pleading, and to amend any pleading, either in form or substance, at any time before final judgment, on such terms as shall be just—Rev. Stat. of Mo. 1835, title "Practice at Law," art. 3, sec. 12, art. 6, sec. 1.

2. This court will not disturb the verdict of the circuit court, sitting as a jury, unless a new trial has been asked for and improperly refused—Polk v. the State, 4 Mo. Rep. 549.

3. No application having been made for a continuance, and the parties having voluntarily submitted the case to the court, sitting as a jury, the plaintiffs in error cannot now complain that they were unexpectedly forced into trial.

NAPTON, Judge, delivered the opinion of the court.

Wilkes instituted a suit against the plaintiffs in error, by petition in debt, in the Morgan circuit court. At the return term, defendants pleaded *nil debit*, and a special plea of fraud, coven, &c. At the same term, a paper purporting to be replications, was placed among the papers of the cause, but not signed by the plaintiff or his attorney, nor endorsed by the clerk; nor was any leave given for permission to file replications in vacation. At the next term, the plaintiffs moved for leave to sign said replications, and file them *nunc pro tunc*, which was granted—issue taken, and the case submitted to the court. Exceptions were taken to the filing of the replications, and this is the only question now before the court.

By the provisions of one statute, in relation to pleading, the court has the power, " upon good cause shown, and for the furtherance of justice," to extend the time for filing any plea; and by the 1st section of the 6th article of the same act, the court is invested with power " to amend any process, pleading or proceeding, in any action, either in form or substance, for the furtherance of justice, and on such terms as shall be just, at any time before final judgment rendered therein."

Where no application has been made for a continuance and no motion for a new trial, the supreme court will presume that the party complaining sustained no injury by the exercise of a discretionary power vested in he circuit court.

No application for a continuance in this case was made, and no motion for a new trial. It is, therefore, obvious that the defendants below sustained no injury by the exercise of the power vested by the statute in the circuit court. The judgment of the court below is affirmed, Judge Tompkins concurring in this opinion.