WEBB, *Appellant*, v. ROBERTSON.

**Justice's Court**: PLEADING: WAIVER: AMENDMENT. A statement filed in a civil suit before a justice of the peace showed that the plaintiff's claim was within the jurisdiction of the justice. The justice's docket showed that defendant had repeatedly appeared to the merits of the action. On appeal to the circuit court defendant filed a motion to dismiss for want of a sufficient statement. Pending this motion plaintiff offered to file an amended statement. The court refused the offer and dismissed the action. *Held*, error. In view of defendant's conduct he must be deemed either to have waived a more formal statement than that filed, or to have been sufficiently informed of the true nature of the plaintiff's claim by the brief verbal statement which the statute then authorized the justice to require plaintiff to make before trial. And as the amended statement did not set forth a new cause of action, but only perfected the imperfect statement already filed, leave should have been given to file it.

*Appeal from Lafayette Circuit Court.*—HON. W. T. WOOD, Judge.

REVERSED.

*Wallace & Chiles* for appellant.

The filing of a statement of facts constituting the cause of action before process is issued is directory merely, and at most did not prevent the defendant from waiving the filing of such statement. 5 Mo. 516. If any acts of a defendant can operate to waive the filing of a statement with a justice of the peace, the acts of defendant in this case should be held to have this effect. His appearances, consents, agreements, continuances, trials, changes of venue and appeals are such acts, attended as they were by the creation and accumulation of large costs, as will be held as evidencing a waiver by defendant of the filing of any formal account or statement by plaintiff of his cause of action. It was competent under the statute, (2 Wag. Stat., 822,) for a defendant, if he chose to do so, to go into a trial before the justice on a brief statement of the nature of the plaintiff's demand, entered on the justice's docket, and this, we submit, is what defendant did in this cause, and, having done so, he waived any other statement. *Wathen v. Farr*, 8 Mo. 324; *Coughlin v. Lyons*, 24 Mo. 534; *Boatman v Curry*, 25 Mo. 437; *Parmerlee v. Williams*, 71 Mo. 410; *Mastin Bank v. Hammerslough*, 72 Mo. 274. The court below erred in refusing to permit plaintiff to amend his statement or demand as proposed. *House v. Duncan*, 50 Mo. 453; *Gillihan v. Wren*, 44 Mo. 378; *Tucker v. St. Louis Life Ins. Co.*, 63 Mo. 593; *Gilmore v. Dawson*, 64 Mo. 310; *Brashears v. Strock*, 46 Mo. 221; *Beattie v. Hill*, 60 Mo. 72; *State v. Lynn*, 51 Mo. 114; *Armstrong v. Keleher*, 71 Mo. 492; *Kruse v. Hagedorn*, 50 Mo. 576; *Henderson v. Henderson*, 55 Mo. 534; *Page v. R. R Co.*, 61 Mo. 78; *Ellis v. Jones*, 51 Mo. 180; *Seibel v. Simeon*, 62 Mo. 255.

NORTON, J.—John V. Webb, plaintiff's intestate, filed before a justice of the peace in Lafayette county the following statement :

JOHN V. WEBB, Plaintiff,
       v.                    } Before Justice of the Peace.
JAMES ROBERTSON, Defendant.  }

STATE OF MISSOURI,     } ss.
County of Lafayette,   }

Personally appeared before me, John J. Hall, a justice
·of the peace within and for the township of Middleton, in
the county aforesaid, William Manville Webb, as agent for
plaintiff in the above entitled suit, and upon oath says that
the plaintiff has a just demand against the defendant, and
that the amount which the affiant believes said plaintiff
ought to recover, after allowing all just credits and set-offs,
is $85.00 due; and that ——— has good reason to believe
.and does believe that the defendant is removing now his
wheat crop from the premises of plaintiff and that he be-
lieves, unless an attachment be issued, he will lose his rent.
                                        W. M. WEBB.

Sworn to and subscribed before me this 17th day of
July, 1878.

                              JOHN J. HALL,
                              Justice of the Peace.

On the trial before the justice plaintiff had judgment
for $85, from which the defendant appealed to the circuit
·court, and in said court filed a motion to dismiss the suit
·on the ground that plaintiff had not filed any statement of
his cause of action with the justice of the peace. This
motion was sustained, and the suit dismissed, from which
plaintiff has appealed, and assigns the said action of the
court as error. ' On the hearing of said motion the tran-
script of the justice was read in evidence, from which it
'.appeared that, on the 1st day of August, 1878, the day on
which the writs of attachment and summons were return-
.able, the parties appeared, and defendant filed his plea of
abatement to the attachment, which, upon being tried, re-
sulted in a judgment for plaintiff, and that the cause was
the:a set down for hearing on the merits on the 12th day

of August, 1878, on which said day the parties appeared and by consent the same was continued to the 19th day of August, 1878, at defendant's costs, on which said day the parties appeared and the cause was continued at plaintiff's costs till the 22nd day of August, on which day the parties again appeared, and being ready for trial, the cause was submitted to a jury on request of defendant, which, after hearing the evidence, was discharged because of their failure to agree on a verdict, and the further hearing of the same was set for the 26th day of August, at which time the parties again appeared, and on defendant's motion and affidavit, a change of venue was awarded to another justice of the peace, who set the same for hearing on the 30th day of August, 1878, at which time the parties appeared and on defendant's motion the cause was continued to September 16th, 1878, at which time the parties appeared by attorney, and the cause was continued on plaintiff's motion to the 23rd day of September, 1878, at which time the parties again appeared, and it was agreed that the cause should be continued to the 30th day of September, 1878, at which time the parties appeared, and being ready for trial, submitted the cause to the justice, who, after hearing the evidence, rendered judgment for plaintiff for $85.

After the introduction of the above evidence, and before the said motion to dismiss was determined, plaintiff offered to file an amended statement, as follows : " James Robertson, to John V. Webb, Dr. To rent of twenty-one and one-fourth acres of land off of the south end of the east half of the southeast quarter of section 23, township 51, range 24, situated in Middleton township, Lafayette county, Missouri. Said rent commenced in August, 1877, and ended immediately after harvest, to-wit : On or about the 15th day of July, 1878, at and for the sum of $4 per acre, amounting to the sum of $85.00."

While it may be conceded that the statement filed before the justice was imperfect, and was not in strict compliance with the directions of the statute, in view of the

fact which appeared from the affidavit filed by plaintiff,. that the sum claimed, $85, was within the jurisdiction of the justice, and that the sum so claimed was on account of rent, and the fact that after the trial of defendant's plea in abatement, he repeatedly appeared to the merits of the action, and in view of the fact that under the law at the time the trial was had it was defendant's right to have the justice require the plaintiff to make a brief verbal statement of his cause of action, and in view of the rule laid. down in the case of *Sublett v. Noland*, 5 Mo. 519, where it is. said: "But admitting that this instrument is such a one as is contemplated by the statute, and ought to have been filed on the issuing of the summons; I understand the statute requiring the instrument to be filed to be merely directory. The act was passed for the benefit of the defendant to apprise him of the nature of the claim set up by plaintiff; and this advantage and benefit, thus secured to defendant, may be waived by his own acts. Had the defendant availed himself of the technical advantage in time, the case might have stood differently. The case,. however, came up into the circuit court, which court is by law directed to try the same anew without regarding any error, defect or other imperfection before the justice." From the above view of the case we might well conclude,. and do so conclude, either that defendant waived any more formal statement than was made, or that he had been sufficiently informed as to the cause of action by the brief verbal statement which the statute then authorized to be required of plaintiff. Our opinion, therefore, is, that the court erred in sustaining the motion to dismiss the suit,. and should have allowed the amended statement to be filed, and proceeded with the trial, as the amended statement did not state a new cause of action, but only perfected an imperfect statement which had already been filed before the justice. There was sufficient to amend by. Judgment reversed and cause remanded, in which all concur.